No. 5470.

M. D. WILLIAMS *v.* THE STATE.

1. UNLAWFUL SALE OF SPIRITUOUS LIQUOR—OCCUPATION TAX—CHARGE OF THE COURT.—The offense denounced by Article 110 of the Penal Code consists not in the mere sale of spirituous liquors without license, but in the pursuing of the occupation of selling spirituous liquors without first having paid the occupation tax levied on such avocation. The defense in this case requested a special instruction conforming to this doctrine, and the refusal of which, under the facts in proof, was error.

2. SAME—EVIDENCE—FACT CASE.—See the opinion in extenso for the substance of evidence *held* insufficient to support a conviction for following the occupation of selling spirituous liquors without having paid the tax levied thereon.

APPEAL from the County Court of Falls. Tried below before the Hon. John N. Wharton, County Judge.

The opinion discloses the case. The penalty assessed was a fine of four hundred and fifty dollars.

*William Shelton,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried and convicted upon an indictment brought under Article 110, Penal Code, which charged him with engaging in, pursuing and following the occupation of selling spirituous liquors in quantities less than one quart, without first obtaining a license therefor.

Two grounds of error are relied upon for a reversal of the judgment, viz: 1, Refusal of the court to give the special instruction to the jury requested by the defendant; 2, insufficiency of the evidence to support the verdict and judgment. Appellant's bill of exceptions sets out the refused instruction, which is as follows: "The mere act of selling spirituous liquors is not an offense against the laws of this State, and unless the jury believe, beyond a reasonable doubt, from the evidence, that the defendant was *pursuing the occupation* of selling spirituous

liquors without first having procured license so to do, at the time of the alleged sale, the jury will acquit the defendant." It was error to refuse this instruction, because it was a direct and pertinent presentation of the law applicable to the facts of the case.

In Standford's case, 16 Texas Court of Appeals, 331, it is said: " 'Occupation,' as used in this statute, and as understood commonly, would signify vocation, calling, trade, the business which one principally engages in to procure a living or to obtain wealth. It is not the sale of liquor that constitutes the offense. *It is the engaging in the business of selling without paying the occupation tax.* It does not require even a single sale to constitute the offense, for a person may engage in the business without *succeeding* in it, even to the extent of one sale. So, on the other hand, a person may make occasional sales of liquor without pursuing or following, or intending to pursue or follow the occupation of selling liquor." (See, also, 18 Texas Ct. App., 411 and 417; 19 Id., 435.)

Appellant had a license as a seventh class merchant, and also a license to sell beer. He appears to have had some whisky on hand, but always refused to sell it, because he had no license to do so. True, he let parties, on several occasions, help themselves to whisky in bottles, and he gave some to others, but the evidence fails to show that whisky selling was an occupation pursued by him.

We are of opinion that the evidence is insufficient to support the verdict and judgment, and the court erred in overruling his motion for a new trial based on the insufficiency of the evidence.

For the two errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*